PER CURIAM.
The hearing officer’s order, adopted as the final order of the Department of Health and Rehabilitative Services (HRS), recommended appellant be denied a certificate of need to expand its facilities in a proposed $6.6 million expenditure. The hearing officer agreed with earlier recommendations of the Florida Gulf Health Systems Agency that the proposed bed expansion was unnecessary, that the costs of the project would increase medical costs to patients and that less expensive alternatives were available. See § 381.494(5)(e), Fla.Stat. (1977).
Appellant contends that the denial was based, in part, on HRS’s definition of “service area” contained in its state medical facilities plan. See § 381.494(6)(c). That definition is based on county lines, and appellant points out that, although it is located within Pinellas County, currently over-, bedded according to the state plan, it is within three miles of Pasco County, which is underbedded according to the state plan. Appellant argues the definition is arbitrary and is a rule never promulgated under Ch. 120.
We do not reach appellant’s contentions because the record shows that both the local health systems agency and HRS analyzed the needs of Pasco County before denying appellant’s certificate. The final order and the recommendation of the local agency noted that Pasco County had a projected deficit in 1982 of 54 beds, but that two other hospitals in Pasco County were acces *186 sible to patients within appellant’s service area.
We also disagree with appellant’s argument that the order is not based on competent, substantial evidence. See Bolinger v. Division of Retirement, 335 So.2d 568 (Fla. 1st DCA 1976).
AFFIRMED.
MILLS, Acting C. J., and ERVIN and BOOTH, JJ., concur.